No. 118.—Eli S. Hill, plaintiff in error, *vs.* John S. Mc-Culloch, defendant in *fi. fa.* and James Edmondson, claimant, defendant in error.

[1.] The Sheriff may take an assignment of an execution from the plaintiff, there being no law inhibiting such transfers.

Claim, in Murray Superior Court.   Tried before Judge Trippe, April Term, 1856.

In the Superior Court of Walton County, Edward Lampkin obtained an execution against John S. McCulloch, and Eli S. Hill as security on the appeal, in the year 184–. Blake J. Cooper, as Deputy Sheriff of said county, having made himself liable for the payment of the *fi. fa.* paid it off and had it transferred to Willis Cooper, by the plaintiff, for the purpose of re-imbursing himself.   In 185– the *fi. fa.* was levied on a lot of land in the County of Murray, as the property of McCulloch, when James Edmondson interposed his claim.

On the trial of the claim, the Court charged the Jury, among other things, "that they ought to find the property levied on not subject, if they believe, from the evidence, that Blake J. Cooper, while Sheriff, or Deputy Sheriff, of Walton County, paid the money due thereon to the plaintiff, Lampkin, to avoid being ruled for it, and had it transferred to Willis Cooper for his benefit, to re-imburse himself out of the property of the defendants; that payment by the Sheriff, under these circumstances, is a satisfaction of the *fi. fa.* and that such a transfer to the Sheriff or to any one else, for his use and benefit, is contrary to public policy and void."

To which charge of the Court, Counsel for the plaintiff excepted.

HANKS; AKIN; UNDERWOOD, for plaintiff.

WALKER, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is the assignment of an execution by the plaintiff to the Sheriff valid?

The Act of 1829, authorizing the transfer of executions, contains no restriction as to Sheriffs. The Sheriff is inhibited, by law, from purchasing property at his own sale; but he is not forbidden to take a transfer of a *fi. fa.*

Decisions are read from New York and other States, to the effect that this cannot be done, because it is against public policy. The Legislature, and not the Courts, must be the judges as to this matter. But why is this contrary to public policy? The plaintiffs cannot be hurt by it; for they do it voluntarily. Defendants are favored by getting further time. By a Statute of this State, where the Sheriff is made liable for an escape, he is entitled to control the *fi. fa.* to re-imburse himself out of the defendant's property. This is a strong authority to indicate the legislative will as to the policy of such assignments.

In some parts of the State the practice has always been, to allow executions to be kept open for the benefit of the Sheriff, by order of Court, where the officer has been compelled to pay them.